## WILLIAM H. HAYNES v. A. DITTO.

Judicial Sale—Premature Decree—Interest to Be Sold Must Be Defined—Perfect Title to Purchaser.

A chancellor should never subject land to danger of a sacrifice by selling an uncertain interest, but should always have the interest so defined as to be able to pass to the purchaser a perfect title.

APPEAL FROM MEADE CIRCUIT COURT.

January 21, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The admitted assumpsit by the appellant, W. W. Haynes, being an undertaking to pay his own debt is not within the range of the statute of frauds and perjuries, and is, therefore, enforcible without writing.

Moreover, acocrding to the vague pleadings, the vendor *Nichols* had a right to hold the legal title until his obligors or their assignee paid the notes, and, whatever interest W. W. Haynes may have acquired in the land, it is subsequent and subordinate to that lien, and he cannot obtain the title or prevent an enforcement of the lien for the purchase money unless it shall be paid.

There is, therefore, an apparent right to sell the land for satisfying the debt on it. But the decree for a sale was premature and improvident. A chancellor should never subject land to danger of sacrifice by selling an uncertain interest, but always ought to have the interest ascertained and defined, and be able to pass to the purchaser a perfect title and not leave him to future litigation for perfecting it. W. W. Haynes having denied that a good title could be made, the litigation on that question ought to have been settled before a sale, and not lèft, as it is by the decree, for ulterior consideration and adjustment after the sale. The decree in this respect was erroneous, and, for this cause alone, must be reversed.

, Wherefore, the judgment is reversed, and the cause remanded for further proceeding.

*Cofer, for appellant.*

*Walker, for appellee.*